**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

HEZEKIAH ESAU BAKER,

          Plaintiff,

vs.

LAS VEGAS JUSTICE COURT, TRAFFIC DIVISION, et al.,

          Defendants.

Case No. 2:22-cv-01173-JAD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 5) AND COMPLAINT (ECF NO. 1-1)

    I previously denied pro se plaintiff application to proceed in forma pauperis (IFP) and I ordered him to file an updated application on the long form. ECF No. 3. Plaintiff has now complied with my order. ECF No. 5. I grant plaintiff's updated application to proceed in forma pauperis. ECF No. 5. I dismiss his complaint without prejudice. ECF No. 1-1.

**DISCUSSION**

    Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.**    **Whether Plaintiff May Proceed In Forma Pauperis**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff submitted a new application on the long form. ECF No.

5. Plaintiff states in his declaration that he receives $900 per month in retirement and $200 per month in food stamps. *Id.* I grant plaintiff's IFP application.

## II.    Whether Plaintiff's Complaint States a Plausible Claim

### a. Legal Standard

Since I grant plaintiff's IFP application, I review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Complaint

Plaintiff alleges in his complaint that on June 3, 2021, the Las Vegas Metropolitan Police Department issued him a traffic citation. ECF No. 1-1. He states that on July 19, 2021, he attempted to appear for his arraignment at the Justice Court Traffic Division, but that the Justice Court was closed. Id. He states that he walked over to the Municipal Court, but someone there told him that his hearing would be at the Justice Court, which was closed. *Id.* Plaintiff states that he had canceled previously scheduled interviews and other business to make his appearance in court, which was closed. *Id.* Plaintiff states that that on April 28, 2022, the court dismissed the traffic citation. *Id.* Plaintiff attached a copy of the case docket for the traffic citation at issue to his complaint. *Id.* at 14. Plaintiff does not explicitly state any claims, except that the defendants the Justice Court and the LVMPD "breach[ed] their non-delegable duty of care to establish temporary adjudication or legal process upon issuing order to appear "ciation" (sic) within a manner consisting of smooth transition in a competent, reasonable, respectful and timely manner which did not occur regarding plaintiff's encounter with the defendants between June 3, 2021 and May 26, 2022 to learn information may have been withheld for over 11 months in bad faith."

Plaintiff has failed to draft a complaint that gives each defendant fair notice of plaintiff's claims and the grounds upon which they rest per Rule 8. Reading the complaint liberally, plaintiff does not state any cognizable claims against any of the defendants. He appears to argue that the Justice Court somehow breached a duty to him because it was closed on the date of his hearing and because it apparently took a while to dismiss the case against him. Plaintiff appears to lift language regarding a duty of care from the world of torts and negligence, which is typical in a personal injury case. Plaintiff has not alleged that he is injured, only that he missed "interviews" because the court was closed. Also, it unclear what claim plaintiff attempts to bring regarding the Justice Court essentially taking too long to dismiss his case. Plaintiff also does not state any cognizable claims against the LVMPD. Plaintiff fails to

3

articulate claims against defendants in this action.  It is possible that these deficiencies may be cured through amendment. If plaintiff amends, he must allege which laws he believes the defendants violated. Plaintiff's complaint is dismissed without prejudice.

I also note that plaintiff is a frequent litigator in this court and that his cases are usually dismissed. I warn plaintiff that his conduct is boarding on vexatious.[1] The court may impose sanctions on him, including monetary sanctions, if he continues to file cases that lack merit or disregards court orders.

ACCORDINGLY,

I ORDER that plaintiff Baker's application to proceed in forma pauperis (ECF No. 5) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Wednesday, October 19, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

---

[1] A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 19th day of September 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE