UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Hezekiah Esau Baker,<br><br>    Plaintiff<br><br>v.<br><br>Las Vegas Justice Court, Traffic Division, et al.,<br><br>    Defendants | Case No.: 2:22-cv-01173-JAD-VCF<br><br>**Order Adopting Report and Recommendation and Dismissing Action**<br><br>[ECF No. 7] |

    The magistrate judge dismissed plaintiff Hezekiah Esau Baker's complaint with leave to amend by October 19, 2022.[1] Baker was cautioned that his failure to file an amended complaint by that deadline "may result in a recommendation for dismissal with prejudice."[2] Baker has filed nothing since that recommendation, so the magistrate judge now recommends that this case be dismissed with prejudice.[3] The deadline for Baker to object to that recommendation passed six days ago, and Baker neither objected nor asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4] Having reviewed the report and recommendation, I find good cause to adopt it, and I do.

---

[1] ECF No. 6.

[2] *Id*. at 4.

[3] ECF No. 7.

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[5] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9] Because the previous dismissal left no claims

---

[5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

[6] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

pending, this action cannot proceed until and unless plaintiff files an amended complaint. The only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the away. The circumstances here do not indicate that this case will be an exception: there is no hint that the plaintiff needs additional time nor evidence that he did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 7] is ADOPTED** in its entirety. This case is DISMISSED with prejudice. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 20, 2022